Beatty v. Cory Universalist Society.

GEORGE B. BEATTY et al., executors of David Cory, deceased, appellants,

v.

THE TRUSTEES OF THE CORY UNIVERSALIST SOCIETY AT SPARTA et al., respondents.

A testator made various bequests, expressed in dollars, and thereupon directed that the legacies should be paid by his executors to the legatees "in notes or bonds and mortgages, transferred to them with their respective value at the time."—*Held*, that the securities were to be transferred at their fair intrinsic value, and not at the amount due upon them.

On appeal from a decree of the chancellor, whose opinion is reported in *Beatty* v. *Trustees of the Cory Universalist Society, 12 Stew. Eq. 452.*

*Mr. Thomas Kays*, for appellants.

*Mr. E. Q. Keasbey* and *Messrs. Roe & Shepherd*, for respondents.

The opinion of the court was delivered by

DIXON, J.

The object of the present bill, filed by the executors of David Cory, deceased, is that the court of chancery should take exclusive jurisdiction and control of the final settlement and distribution of the estate of the decedent; and to this end the executors ask to be relieved from the force of an alleged joint and final account, presented to and confirmed by the orphans court of Sussex county, at the December term, 1871. On this prayer, the chancellor has decreed that the account must stand and be accepted as a joint and final account of all the executors, except as to a few designated items. From this feature of the decree, the complainants appeal.

In our judgment the decree is erroneous.

There are four executors, and they all swear that only two of them, Beatty and Easton, were present at or cognizant of the making of this account, and these two also swear that they understood that the account was not final, and that each was accounting for his own transactions only.    The account was rendered within thirteen months after the probate of the will, and before the estate was in condition for final settlement.    It nowhere on its face states that it was either final or joint, and it was neither signed nor sworn to by any executor.    The testimony to the contrary is that of the surrogate alone, by whom the account was stated.    It is not likely that his memory of a transaction occurring so long ago,. and resembling no doubt many others in which he was engaged,. without more than an official interest, should be so distinct as that of the executors, to whom the matter was comparatively novel and specially important.    The general veracity of none of the witnesses is impugned.    We therefore think that the decided preponderance of proof is with the complainants, and that this portion of the decree should be reversed, and the executors be permitted to render their accounts in the pending suit.

Consequent upon the chancellor's view of the conclusiveness of this account are other portions of the decree, to the effect "that the cost of endeavors to collect claims (except as to the Alfred Roof mortgage), after the account in the orphans court, are not to be allowed; that the complainants, as such executors, are chargeable with all the unpaid legacies in full, with interest thereon; and that the complainants pay the costs of this suit."    These directions must also be reversed, and the points involved will remain to be disposed of, upon other considerations, at the final accounting.

The bill also prays for the construction of various clauses of the will, and the appellants complain of the interpretation put by the chancellor on some of its provisions.    In one respect only do we think he has erred.

The will directs that certain legacies are to be paid by the executors to the legatees "in notes, or bonds and mortgages, transferred to them with the respective value at the time by the

executors." The chancellor regards this as directing that the value at which these securities shall be taken by the legatees shall be the amount due upon them at the time of the transfer. The appellants insist, and we agree with them, that the intention was, they should be taken at their fair intrinsic value—otherwise some of the bequests might be rendered abortive by the perverse or mistaken conduct of the executors in assigning worthless paper to the legatees. Such a result we think would defeat the purpose of the testator. On this point also the decree should be reversed.

Let the record be remitted that the cause may be proceeded in according to equity.

For affirmance—McGregor—1.

For reversal—The Chief-Justice, Depue, Dixon, Knapp, Parker, Reed, Scudder, Van Syckel, Brown, Clement, Paterson—11.